JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JAMES W. BROWN, on behalf of himself and all others similarly situated, on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General

## DEFENDANTS

CLEARPOINT ADVANTANGE, LLC

**(b)** County of Residence of First Listed Plaintiff  Unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Bucks County, Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eric A. Grover, SBN 136080
KELLER GROVER LLP
425 Second Street, Ste. 500
San Francisco, CA 94107
Tel: 415.543.1305 / Fax: 415.543.7861

Attorneys (If Known)
Melinda Riechert, SBN 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Sq., 3000 El Camino Real, Ste. 700
Palo Alto, CA 94306
Tel: 650.843.4001 / Fax: 650.843.4001

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1453; 28 U.S.C. §1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ TBD

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
March 26, 2008

SIGNATURE OF ATTORNEY OF RECORD
Melinda Riechert

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

### INSTRUCTIONS FOR ᴀTTORNEYS COMPLETING CIVIL COVEʀ SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

COPY

1  MELINDA S. RIECHERT, State Bar No. 65504
   LAUREN S. KIM, State Bar No. 210572
2  MORGAN, LEWIS & BOCKIUS LLP
   2 Palo Alto Square
3  3000 El Camino Real, Suite 700
   Palo Alto, CA  94306-2122
4  Tel: 650.843.4000
   Fax: 650.843.4001
5  E-mail: mriechert@morganlewis.com

6  Attorneys for Defendant
   ClearPoint Advantage, LLC, dba Advantage
7  Services Group

RECEIVED

MAR 2 6 2008

E-Filing

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11  JAMES W. BROWN, on behalf of himself       Case No.  C08-01640  MEJ
    and all others similarly situated, on behalf
12  of the general public, and as an "aggrieved   **DEFENDANT CLEARPOINT**
    employee" under the California Labor          **ADVANTAGE, LLC'S  NOTICE OF**
13  Code Private Attorneys General Act,          **REMOVAL TO THE UNITED STATES**
                                                 **DISTRICT COURT FOR THE NORTHERN**
14                      Plaintiff,               **DISTRICT OF CALIFORNIA**

15         vs.

16

17  CLEARPOINT ADVANTAGE, LLC,
    dba ADVANTAGE SERVICES GROUP
18  and DOES 1 through 10 inclusive,

19                      Defendants.

20

21      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22      PLEASE TAKE NOTICE THAT Defendant ClearPoint Advantage, LLC, dba Advantage

23  Services Group (hereinafter "Defendant") files this Notice of Removal pursuant to 28 U.S.C.

24  Sections 1332, 1446 and 1453, and states that this Court has jurisdiction over the action pursuant

25  to the Class Action Fairness Act of 2005.  In support of this removal, Defendant states as follows:

26      1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to

27  the removal of causes.  See 28 U.S.C. § 1453.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5                                   CASE NO. _____

                                                 NOTICE OF REMOVAL

1    2.    On January 30, 2008, Plaintiff James W. Brown ("Plaintiff") filed a Complaint

2    against Defendant in the Superior Court of the State of California, County of Alameda, entitled

3    *James W. Brown, on behalf of himself and all others similarly situated, on behalf of the general*

4    *public, and as an "aggrieved employee" under the California Labor Code Private Attorneys*

5    *General Act v. ClearPoint Advantage, LLC, dba Advantage Services Group and Does 1-10*

6    *inclusive*, Case No. RG08368638, seeking overtime pay, penalties, disgorgement, restitution and

7    other relief based upon violations of the California Labor Code and California Business and

8    Professions Code §17200.  True and correct copies of Plaintiff's Summons and Complaint

9    ("Complaint") are attached hereto as Exhibit A.

10    3.    The Complaint was served upon Defendant's registered agent on February 26,

11    2008.  A true and correct copy of the Proof of Service of Summons is attached hereto as

12    Exhibit B.

13    4.    On March 25, 2008, the Defendant filed an Answer to the Complaint in the

14    Superior Court of California, County of Alameda, a true and correct copy of which is attached

15    hereto as Exhibit C.

16    5.    Because this Notice of Removal is filed within thirty (30) days from February 26,

17    2008, the date upon which service of the Complaint was effectuated, it is timely under 28 U.S.C.

18    §§ 1446(b) and 1453.  No previous Notice of Removal has been filed or made with this Court for

19    the relief sought herein.

20    6.    This action was therefore commenced after the effective date of the Class Action

21    Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§

22    1332(d), 1453, and 1711-1715 ("CAFA").

23    7.    This lawsuit was brought by a putative representative on behalf of five proposed

24    classes of individuals.  Complaint, ¶¶ 5-9.  As such, this matter is a class action as that term is

25    defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

26    8.    This action originally could have been filed in this Court under

27

---

[1]    Defendant does not concede, and reserves the right to contest at the appropriate time,
Plaintiff's allegations that this action can properly proceed as a class action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5                    2                    CASE NO. _____

NOTICE OF REMOVAL

1    28 U.S.C. § 1332(d) because this matter was brought as a class action, Plaintiff is a citizen of a

2    State different from Defendant, and the amount in controversy exceeds, in the aggregate,

3    $5,000,000, exclusive of interest and costs.  Removal is therefore proper pursuant to

4    28 U.S.C. §§ 1446 and 1453.

5         9.    Complete diversity exists between the Plaintiff and the Defendant.

6              (a)    Plaintiff at all pertinent times was and is a citizen of the State of California.

7    Complaint, ¶ 4.

8              (b)    Plaintiff seeks to represent five classes.  Complaint, ¶¶ 11, 16, 21, 26 & 32.

9    The classes consist of:

10        1.    "Plaintiff seeks to represent a class of all persons who are or were
             employed by Defendant and one or more Doe Defendants in the State of
11            California within the applicable limitations period preceding the filing of
             this Complaint and have received wages from Defendant and one or more
12            of the Doe Defendants in the form of checks issued by an out of state bank
             with no in-state address for presentation and no provision for negotiating
13            such paychecks in California at no cost, all in violation of Labor Code
             section 212."  Complaint, ¶ 11.
14

15        2.    "Plaintiff seeks to represent a class of all persons who are or were
             employed by Defendant and one or more Doe Defendants in the State of
16            California within the four years preceding the filing of the Complaint and
             who were sent on temporary assignments to work at clients of Defendant
17            and one or more Doe Defendants who operated on a 4/10 alternative work
             schedule and who were not paid an overtime premium for all hours worked
18            over eight in a day during those weeks when the employee worked less
             than the full 4/10 work week."  Complaint, ¶ 16.

19        3.    "Plaintiff seeks to represent as 'Class III – the Labor Code Section 204b
20            Class,' a sub-class of Class II members who are or were employed by
             Defendant and one or more Doe Defendants in the State of California
21            within the one year preceding the filing of the Complaint and who failed to
             receive their wages in a timely manner as required by Labor Code §204b."
22            Complaint, ¶ 21.

23        4.    "Plaintiff seeks to represent a second sub-class of all Class II class
             members who are former employees and who are entitled to a Labor Code
24            § 203 waiting time penalty."  Complaint, ¶ 26.

25        5.    "Plaintiff seeks to represent as 'Class V – the End of Assignment Waiting
             Time Penalties Class' a class of employees who were assigned to work for
26            clients of Defendant and one or more of the Doe Defendants and who did
             not receive their final wages on the last day of their assignment and who
27            had not stated a new assignment by time of the next regularly scheduled
             pay day and who are thereby entitled to Labor Code § 203 waiting time
28            penalty."  Complaint, ¶ 32.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5                    3                    CASE NO. _____
                                                      NOTICE OF REMOVAL

1           (c)     Defendant was at all pertinent times and is a Limited Liability Company

2  organized and existing under the laws of the State of Delaware, with its principal place of

3  business in Pennsylvania.  Defendant is a wholly-owned subsidary of ClearPoint Resources, Inc.

4  ("CPR"), organized and existing under the laws of the State of Delaware, with its principal place

5  of business in Pennsylvania.  In turn, CPR is a wholly-owned subsidiary of ClearPoint Business

6  Resources, Inc. ("CPBR"), also a corporation organized and existing under and by virtue of the

7  laws of the State of Delaware, with its principal place of business in Pennsylvania.  Thus,

8  Defendant is a citizen of Delaware and Pennsylvania for the purposes of determining diversity.

9  28 U.S.C. § 1332 (c)(1).

10          (d)     Defendant is not now, and was not at the time of the filing of the

11  Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating

12  to the removal of causes.  Based on the Complaint, therefore, Plaintiff is a citizen of a State

13  different from that of the Defendant.

14          (e)     The citizenship of fictitiously-named "Doe" defendants is to be disregarded

15  for the purposes of removal.  28 U.S.C. § 1441(a); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686,

16  690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious

17  names shall be disregarded).

18      9.     Pursuant to CAFA, the claims of the individual members in a class action are

19  aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

20  <u>See</u> 28 U.S.C. § 1332(d)(6).

21      10.    The Complaint does not allege a specific dollar amount Plaintiff seeks to recover.

22  Plaintiff's prayer for relief seeks damages for overtime pay, penalties, disgorgement, restitution

23  and other relief for Plaintiff and each putative member of the purported five classes defined in the

24  Complaint, including compensatory and consequential damages, interest on any sums awarded,

25  attorneys' fees and costs.  Complaint (Prayer for Relief) ¶¶ 1-30.

26      11.    Among other things, Plaintiff alleges that Defendant paid him and all of its

27  California employees "in the form of checks issued by an out-of-state bank with no in-state

28  address for presentation and no provision for negotiating such paychecks in California at no cost,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5                 4                CASE NO. _____

NOTICE OF REMOVAL

1    in violation of Labor Code 212". Complaint, ¶¶ 5, 11.

2         12.    As such, Plaintiff seeks penalties under Labor Code § 2699 for himself and all

3    similarly affected class members (named as "Class 1" in the Complaint). Under Labor Code

4    § 2699(f)(2), if "at the time of the alleged violation, the person employs one or more employees,

5    the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the

6    initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

7    each subsequent violation."

8         13.    Defendant issued weekly paychecks to its employees. The penalties sought by

9    Plaintiff under Labor Code § 2699 would exceed the $5,000,000 amount in controversy required

10   by CAFA if Defendant issued at least 486 checks per week. The penalty for the initial violation

11   would be $100 X 486 = $48,600. The penalty for subsequent violations for the remainder of the

12   year would be $200 X 486 X 51 weeks = $4,957,200. In such a scenario, total penalties under

13   this statute for the initial and continuing violations for a year would equal approximately

14   $5,005,800, exceeding the minimum $5,000,000 amount in controversy required.[2] In 2007, the

15   year Plaintiff was employed with the Defendant, Defendant issued in excess of 486 paychecks to

16   its California employees in any one week.

17        14.    Additionally, Plaintiff alleges that Defendant failed to pay him and the putative

18   class members all wages earned at the end of an assignment. Complaint ¶ 82.

19        15.    Plaintiff claims that, pursuant to Labor Code §§ 201-203, if an employee's

20   assignment ends, the employee must be paid his unpaid wages immediately. Complaint, ¶¶ 32,

21   34, 77.

22        16.    Pursuant to Labor Code § 203, the "waiting time" penalty for failure to pay a

23   discharged employee immediately upon termination is a continuation of wages from the day

24   wages were due up until the day they were paid, up to a maximum of 30 days.

25        17.    Plaintiff alleges claims for "waiting time" penalties pursuant to California Labor

26

27   [2]  In addition, Plaintiff seeks "the disgorgement of profits and restitution for all check-cashing
         fees and any other out-of-pocket costs incurred and/or losses caused by having to pay check-
28       cashing fees and/or having bank holds placed on accounts. . ." Complaint, ¶ 55.

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

1    Code § 203 on behalf of himself and each of the discharged putative class members. See, e.g.,

2    Complaint, ¶¶ 26, 32.

3         18.    According to Plaintiff's personnel file, Plaintiff earned $12.63/hour while

4    employed by the Defendant. Plaintiff was a full-time employee of the Defendant. Thus,

5    according to Plaintiff's theory of damages, his individual claim for waiting time penalties

6    amounts to $12.63/hour x 8 hours/day x 30 days = $3,031.20.

7         19.    Plaintiff contends that his claim is typical of the claim of each putative class

8    member. Complaint, ¶¶ 29, 35.

9         20.    Therefore, under Plaintiff's theory of the case, he seeks typical "waiting time"

10   penalties of approximately $3,031.20 on behalf of each of the alleged potential class members.

11   The amount of aggregate "waiting time" penalties Plaintiff seeks would exceed the minimum

12   $5,000,000 amount in controversy required if Defendant had over 1,650 California employees

13   whose employment it terminated at the end of their assignment without receiving their final

14   paycheck. [$3,031.20 x 1,650 = $5,001,480]. Defendant had in excess of 1650 employees in

15   2007. However, Defendant is unable at this time to determine how many, if any, employees in

16   2007 did not receive their final paycheck on the date their assignment ended.

17        21.    In addition to the potential penalties alleged and discussed above, Plaintiff also

18   seeks the payment of overtime wages for himself and each member of the putative class.

19   Complaint, ¶¶ 16, 18.

20        22.    In addition, Plaintiff also seeks to recover attorneys' fees. Complaint ¶¶ 51, 57,

21   61, 69, 75, 93, 101 and 114.

22        23.    Thus, although Defendant denies Plaintiff's allegations or that he or the classes

23   that he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's

24   allegations and prayer for relief, the amount in controversy exceeds the $5,000,000 threshold set

25   forth under 28 U.S.C. § 1332(d)(2).

26        24.    Moreover, the Senate Judiciary Committee's Report on the final version of CAFA

27   makes clear that any doubts regarding the maintenance of interstate class actions in state or

28   federal court should be resolved in favor of federal jurisdiction. See, e.g., S. REP. 109-14, at 42:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5              6          CASE NO. _____

                                           NOTICE OF REMOVAL

1  "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class

2  action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in

3  favor of exercising jurisdiction over class actions.  Its provisions should be read broadly, with a

4  strong preference that interstate class actions should be heard in a federal court if properly

5  removed by any defendant."

6      25.    Venue is proper in this district, pursuant to 28 U.S.C. §1441(a), because it

7  embraces the county in which the removed action has been pending.  Pursuant to 28 U.S.C. §

8  1453(b), this action may be removed without the consent of all defendants.

9      26.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

10     27.    As required by 28 U.S.C. § 1446(d), Defendant will give notice of this removal to

11  Plaintiff through his attorneys of record.

12     28.    As required by 28 U.S.C. § 1446(d), a copy of this notice will be filed with the

13  Superior Court of the State of California in and for the County of Alameda.

14     29.    If any question arises as to the propriety of the removal of this action, Defendant

15  requests the opportunity to present a brief and oral argument in support of its position that this

16  case is removable.

17     NOW THEREFORE, Defendant respectfully requests that this action be removed from

18  the Superior Court of the State of California in and for the County of Alameda to the United

19  States District Court for the Northern District of California, and that all proceedings hereinafter in

20  this matter take place in the United States District Court for the Northern District of California

22  Dated: March 26, 2008                MORGAN, LEWIS & BOCKIUS LLP

24                          By  _Melinda Riechert_
25                              Melinda S. Riechert
26                              Attorneys for Defendant
                                ClearPoint Advantage, LLC, dba
                                Advantage Services Group

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695643.5          7          CASE NO. _____
                                   NOTICE OF REMOVAL

**EXHIBIT A**

FEB-22-2008(FRI) 15:53    One Legal                                      P. 003/043

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2008 JAN 30  ☐ 2:54

BY ALF...... ....

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CLEARPOINT ADVANTAGE, LLC, dba ADVANTAGE SERVICES
GROUP and DOES 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JAMES W. BROWN, on behalf of himself and all others similarly
situated, on behalf of the general public, and as an "aggrieved employee"
under the California Labor Code Private Attorneys General Act

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Alameda County Superior Court
1225 Fallon Street
Oakland, CA, 94612

CASE NUMBER:
(Número del Caso):
**RG08368638**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eric A. Grover, Esq., Keller Grover LLP, 425 Second Street, Suite 500, San Francisco, CA 94107
Tel (415) 543-1305; Fax (415) 543-7861

DATE:
(Fecha)   JAN 30 2008     PAT S. SWEETEN    Clerk, by _____ , Deputy
                          (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
     Clearpoint Advantage, LLC
3. ☑ on behalf of (specify):
     under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
            ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other (specify):  Limited Liability Corporation
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

American LegalNet, Inc.
www.USCourtForms.com

10943724.tif - 2/22/2008 4:06:51 PM

1  Eric A. Grover, Esq. (SBN 136080)
   Jade Butman, Esq. (SBN 235920)
2  **KELLER GROVER LLP**
   425 Second Street, Suite 500
3  San Francisco, CA 94107
   Telephone: (415) 543-1305
4  Facsimile: (415) 543-7861
   eagrover@kellergrover.com
5  jbutman@kellergrover.com

6

7  Scot Bernstein, Esq. (SBN 94915)
   **LAW OFFICES OF SCOT BERNSTEIN**
8  10510 Superfortress Avenue, Suite C
   Mather Field, California 95655
9  Telephone: (916) 447-0100
   Facsimile: (916) 933-5533
10 swampaderdo@sbernsteinlaw.com

11 Attorneys for Plaintiff
12 JAMES W. BROWN

13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14            IN AND FOR THE COUNTY OF ALAMEDA

15

16 JAMES W. BROWN, on behalf of himself    )  Case No.:
   and all others similarly situated, on behalf of )
17 the general public, and as an "aggrieved    )  **RG08368638**
   employee" under the California Labor Code    )  **CLASS ACTION**
18 Private Attorneys General Act,    )
                                     )  **PLAINTIFF'S COMPLAINT FOR**
19             Plaintiff,            )  **OVERTIME PAY, PENALTIES,**
                                     )  **DISGORGEMENT, RESTITUTION**
20                                   )  **AND OTHER RELIEF BASED**
        v.                          )  **UPON VIOLATIONS OF:**
21                                   )     1.  California Labor Code; and
22 CLEARPOINT ADVANTAGE, LLC, dba    )     2.  California Business and
   ADVANTAGE SERVICES GROUP and    )         Professions
23 DOES 1 through 10 inclusive,    )         Code §§ 17200, et seq.
                                    )
24             Defendants.           )  **JURY TRIAL DEMANDED**
25 ─────────────────────────────── )

26

27

28

PLAINTIFF'S COMPLAINT                    CASE NO.:

1    Comes now Plaintiff James W. Brown ("Plaintiff") on behalf of himself, all others

2    similarly situated, the general public, and all aggrieved employees, and alleges as follows:

3    ## JURISDICTION AND VENUE

4    1.    This Court has jurisdiction over Plaintiff's claims based on, among other

5    statutes, California Business & Professions Code §§ 17200, *et seq.* and California Labor

6    Code §§ 201-203, 204b, 212, 226, 510, 1194, and 2699. Plaintiff has complied with all

7    requirements set forth in Labor Code § 2699.3 necessary to commence a civil action

8    seeking Labor Code § 2699 penalties.

9    2.    Venue is proper in this Court because California Code of Civil Procedure

10    sections 395 and 395.5, and case law interpreting those sections, provide that if a foreign

11    corporation fails to designate with the office of the California Secretary of State a

12    principal place of business in California, it is subject to being sued in any county in the

13    state that plaintiff desires. On information and belief, Defendant Clearpoint Advantage,

14    LLC, dba Advantage Services Group ("Defendant" or "Clearpoint"), a Delaware limited

15    liability corporation, has failed to designate a principal place of business with the office

16    of the Secretary of State.

17    ## PARTIES AND BACKGROUND

18    3.    Defendant Clearpoint Advantage, LLC, dba Advantage Services Group, is

19    a Delaware limited liability corporation doing business at various locations throughout

20    the State of California. Defendant supplies temporary workers to clients.

21    4.    Plaintiff James W. Brown ("Plaintiff") is a California resident and former

22    employee of Defendant and ALS, LLC, which Defendant's parent, Clearpoint Business

23    Resources, Inc., acquired in February 2007. Plaintiff, and all others similarly situated, are

24    or were employed by Defendant and/or one or more of the Doe Defendants in the State of

25    California within the four years preceding the filing of this Complaint.

26    5.    Plaintiff has received wages from Defendant and one or more of the Doe

27    Defendants in the form of checks issued by an out-of-state bank with no in-state address

28

2

PLAINTIFF'S COMPLAINT                                    CASE NO.:

1  for presentation and no provision for negotiating those paychecks in California at no cost,

2  in violation of Labor Code § 212.  On information and belief, similar paychecks that

3  violate Labor Code § 212 have been issued by Defendant and one or more of the Doe

4  Defendants to its California employees over the preceding four years.  These individuals

5  are members of "Class I – the Labor Code Section 212 Class."

6      6.    Plaintiff also seeks to represent a class of non-exempt employees

7  employed by Defendant and one or more of the Doe Defendants in the State of California

8  within the four years preceding the filing of the Complaint who were sent on temporary

9  assignments to work at clients who operated on a 4/10 alternative work schedule and who

10  were not paid an overtime premium for all hours worked over eight in a day during those

11  weeks when the employee worked less than the full 4/10 work week and thereby also did

12  not receive accurate itemized wage statements.  These individuals are members of "Class

13  II – the Hourly Unpaid Overtime Pay Class."

14      7.    On those occasions when Defendant and one or more Doe Defendants

15  failed to pay the members of Class II the proper overtime premiums, Defendant and one

16  or more of the Doe Defendants failed to pay Plaintiff and the members of Class II in a

17  timely manner as required by Labor Code § 204b.  These individuals, who are a sub-class

18  of Class II, are members of "Class III – the Labor Code Section 204b Class."

19      8.    Plaintiff also seeks to represent a sub-class of Class II class members who

20  are former employees of Defendant and one or more Doe Defendants who left their

21  employment in the three years preceding the filing of the Complaint and are entitled to a

22  Labor Code § 203 waiting time penalty.  These individuals are members of "Class IV –

23  the 4/10 Waiting Time Penalties Class."

24      9.    Plaintiff also seeks to represent a class of employees who were assigned to

25  work for clients of Defendant and one or more of the Doe Defendants and did not receive

26  their final wages on the last day of their assignment and who had not started a new

27  assignment by time of the next regularly scheduled pay day and who are thus entitled to

28

3

PLAINTIFF'S COMPLAINT                    CASE NO.:

1  Labor Code § 203 waiting time penalties. These individuals are members of "Class V –
2  the End of Assignment Waiting Time Penalties Class."

3      10.      Plaintiff does not know the true names of Defendants Does 1 through 10,
4  inclusive and, therefore, sues them by those fictitious names.

5                          CLASS ACTION ALLEGATIONS

6              CLASS I – THE LABOR CODE SECTION 212 CLASS

7      11.      Plaintiff seeks to represent a class of all persons who are or were employed
8  by Defendant and one or more Doe Defendants in the State of California within the
9  applicable limitations period preceding the filing of this Complaint and have received
10  wages from Defendant and one or more of the Doe Defendants in the form of checks
11  issued by an out of state bank with no in-state address for presentation and no provision
12  for negotiating such paychecks in California at no cost, all in violation of Labor Code
13  section 212. In particular, at least some of the paychecks issued by Defendant and one or
14  more Doe Defendants have only a bank name and address located in Hartford,
15  Connecticut, and contain no California address where the checks may be cashed.

16      12.      The class consists of at least 75 employees, and likely more, and therefore
17  is so numerous that the joinder of each member of the class is impracticable.

18      13.      There is a well-defined community of interest in the questions of law and
19  fact affecting the members of the class whom Plaintiff seeks to represent. The class
20  members' claims against Defendant and one or more Doe Defendants involve questions
21  of common or general interest, in that their claims are based on the implementation and
22  utilization of a policy pursuant to which all members of the proposed class received
23  paychecks issued by Defendant and one or more Doe Defendants drawn on an out-of-state
24  bank with no in state address for presentation and no provision for negotiating such
25  paychecks in California at no cost, all in violation of Labor Code section 212. This issue
26  is such that proof of a statement of facts common to the members of the class will entitle
27  each member of the class to the relief requested in this Complaint.

28

                                        4

PLAINTIFF'S COMPLAINT                          CASE NO.:

14.    Plaintiff's claims are typical of the claims of the members of Class I and his interests are consistent with, and not antagonistic to, those of the other Class I members Plaintiff seeks to represent.  Plaintiff will fairly and adequately represent the interests of the class members because Plaintiff is a member of the class and the claims of Plaintiff are typical of those of the class.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, and Plaintiff intends to prosecute this action vigorously.

15.    Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### CLASS II – THE HOURLY UNPAID OVERTIME PAY CLASS

16.    Plaintiff seeks to represent a class of all persons who are or were employed by Defendant and one or more Doe Defendants in the State of California within the four years preceding the filing of the Complaint and who were sent on temporary assignments to work at clients of Defendant and one or more Doe Defendants who operated on a 4/10 alternative work schedule and who were not paid an overtime premium for all hours worked over eight in a day during those weeks when the employee worked less than the full 4/10 work week.  As a result of the violation described in this paragraph, the members of Class II did not receive accurate, itemized wage statements.

17.    The class consists of at least 75 employees, and likely more, and therefore is so numerous that the joinder of each member of the class is impracticable.

18.    There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiff seeks to represent.  The class members' claims against Defendant and one or more Doe Defendants involve questions of common or general interest, in that their claims are based on the implementation and utilization of a policy pursuant to which all members of the class were not paid an overtime premium for all hours worked over eight in a day during those weeks when the employee worked

5

10943724.tif - 2/22/2008 4:06:51 PM

1   less than the full 4/10 work week and did not receive accurate itemized wage statements,

2   all in violation of the Labor Code and Business & Professions Code §§ 17200, *et seq.*

3   This issue is such that proof of a statement of facts common to the members of the class

4   will entitle each member of the class to the relief requested in this Complaint.

5        19.     Plaintiff's claims are typical of the claims of the members of Class II and

6   his interests are consistent with, and not antagonistic to, those of the other Class II

7   members Plaintiff seeks to represent. Plaintiff will fairly and adequately represent the

8   interests of the class members because Plaintiff is a member of the class and the claims of

9   Plaintiff are typical of those of the class. Plaintiff has retained attorneys who are

10   experienced in the prosecution of class actions, and Plaintiff intends to prosecute this

11   action vigorously.

12        20.     Plaintiff requests permission to amend the Complaint to include additional

13   class representatives if Plaintiff is deemed not to be an adequate representative of the

14   class.

15        **CLASS III – THE LABOR CODE SECTION 204b CLASS**

16        21.     Plaintiff seeks to represent as "Class III – the Labor Code Section 204b

17   Class," a sub-class of Class II members who are or were employed by Defendant and one

18   or more Doe Defendants in the State of California within the one year preceding the filing

19   of the Complaint and who failed to receive their wages in a timely manner as required by

20   Labor Code § 204b.

21        22.     The class consists of at least 75 employees, and likely more, and therefore

22   is so numerous that the joinder of each member of the class is impracticable.

23        23.     There is a well-defined community of interest in the questions of law and

24   fact affecting the members of the class Plaintiff seeks to represent. The class members'

25   claims against Defendant and one or more of the Doe Defendants involve questions of

26   common or general interest, in that their claims are based on the implementation and

27   utilization of a policy pursuant to which all members of the class failed to receive their

28

PLAINTIFF'S COMPLAINT                 CASE NO.:

wages in a timely manner as required by Labor Code § 204b. This issue is such that proof of a statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

24.    Plaintiff's claims are typical of the claims of the members of Class III and his interests are consistent with, and not antagonistic to, those of the other Class III members Plaintiff seeks to represent.  Plaintiff will fairly and adequately represent the interests of the class members because Plaintiff is a member of the class and the claims of Plaintiff are typical of those of the class.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, and Plaintiff intends to prosecute this action vigorously.

25.    Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### CLASS IV –
### THE 4/10 WAITING TIME PENALTIES CLASS

26.    Plaintiff seeks to represent a second sub-class of all Class II class members who are former employees and who are entitled to a Labor Code § 203 waiting time penalty.

27.    The class consists of at least 75 employees, and likely more, and therefore is so numerous that the joinder of each member of the class is impracticable.

28.    There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiff seeks to represent.  The class members' claims against Defendant and one or more of the Doe Defendants involve questions of common or general interest, in that their claims are based on the implementation and utilization of a policy pursuant to which all members of the class failed to receive their wages in a timely manner as required by Labor Code §§ 201-203.  This issue is such that

7

PLAINTIFFS COMPLAINT                              CASE NO.:

proof of a statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

29.    Plaintiff's claims are typical of the claims of the members of Class IV and his interests are consistent with, and not antagonistic to, those of the other Class IV members Plaintiff seeks to represent. Each member of Class IV will be entitled to waiting time penalties if liability is established in connection with the claims made by the members of Class II.

30.    Plaintiff will fairly and adequately protect the interests of the members of Class IV. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, and Plaintiff intends to prosecute this action vigorously.

31.    Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

## CLASS V –
## THE END OF ASSIGNMENT WAITING TIME PENALTIES CLASS

32.    Plaintiff seeks to represent as "Class V – the End of Assignment Waiting Time Penalties Class" a class of employees who were assigned to work for clients of Defendant and one or more of the Doe Defendants and who did not receive their final wages on the last day of their assignment and who had not started a new assignment by time of the next regularly scheduled pay day and who are thereby entitled to a Labor Code § 203 waiting time penalty.

33.    The class consists of at least 75 employees, and likely more, and therefore is so numerous that the joinder of each member of the class is impracticable.

34.    There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiff seeks to represent. The class members' claims against Defendant and one or more of the Doe Defendants involve questions of common or general interest, in that their claims are based on the implementation and

8

utilization of a policy pursuant to which all members of the class failed to receive their wages in a timely manner as required by Labor Code §§ 201-203. This issue is such that proof of a statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

35.      Plaintiff's claims are typical of the claims of the members of Class V and his interests are consistent with, and not antagonistic to, those of the other Class V members Plaintiff seeks to represent. Each member of Class V will be entitled to waiting time penalties if liability is established in connection with the common claims made by the members of Class V.

36.      Plaintiff will fairly and adequately protect the interests of the members of Class IV. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, and Plaintiff intends to prosecute this action vigorously.

37.      Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### FIRST CAUSE OF ACTION
**(Issuance of Out-of-State Paychecks in violation of California Labor Code § 212)**

38.      Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

39.      California Labor Code § 212 states:

(a)   No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1)   Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

9

PLAINTIFF'S COMPLAINT                              CASE NO.:

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

40.     In other words, the California Labor Code requires all employers to provide notice on each paycheck of a place within the State of California where the paycheck may be cashed on demand at no charge and without any waiting period.

41.     By issuing Plaintiff and the putative class members (as described above) paychecks from an out-of-state bank with no printed notice on the paycheck of an in-state location where the paycheck may be cashed on demand at no charge and without any waiting period, Defendant and/or one or more Doe Defendants have violated the provisions of Labor Code § 212.

42.     Plaintiff therefore brings this action on behalf of himself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing forward from that date, have received one or more paychecks processed and/or issued by Defendant that did not comply with Labor Code § 212 (i.e., the same persons who are members of Class I).

43.     Therefore, Plaintiff, for himself and for all such persons (i.e., the same persons who are included in the definition of Class I), seek all of the remedies available for violations of California Labor Code § 212.

10

FEB-22-2008(FRI) 15:55   One Legal                                    P. 017/043

## SECOND CAUSE OF ACTION
### (Labor Code Private Attorneys General Act of 2004 – Labor Code § 212)

44.      Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

45.      California Labor Code § 2699(f) allows an "aggrieved employee" to bring a civil action on his or her own behalf and on behalf of other current or former employees.

46.      Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699(c) because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

47.      Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code § 212.

48.      By its actions as alleged herein, Defendant has paid California employees with paychecks that have failed to comply with the requirements of Labor Code § 212.

49.      Plaintiff therefore brings this action on behalf of himself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing forward from that date, have received one or more paychecks processed and/or issued by Defendant that did not comply with Labor Code § 212 (i.e., the same persons who are members of Class I).

50.      Therefore, Plaintiff, for himself and for all such persons (i.e., the same persons who are included in the definition of Class I), seeks the penalties provided by Labor Code § 2699(f) for violations of California Labor Code § 212.

51.      Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

11

PLAINTIFF'S COMPLAINT                                  CASE NO.:

10943724.tif - 2/22/2008 4:06:51 PM

## THIRD CAUSE OF ACTION
(California Business & Professions Code §§ 17200, *et seq.* – Labor Code § 212)

52.     Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

53.     At all times relevant herein, Defendant and/or one or more Doe Defendants have violated the provisions of Labor Code § 212 quoted above.

54.     The conduct of Defendant and one or more Doe Defendants described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

55.     Plaintiff, on his own behalf, on behalf all other similarly situated persons (*i.e.*, the members of the proposed Class I) and on behalf of the general public, seeks disgorgement of profits and restitution for all check-cashing fees and any other out-of-pocket costs incurred and/or losses caused by having to pay check-cashing fees and/or having bank holds placed on accounts because of Defendant's failure to comply with Labor Code § 212.

56.     Plaintiff further seeks an injunction against Defendant to prevent all future violations of Labor Code § 212 and an order requiring Defendant to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

57.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION
(Failure to Pay All Amounts Owed for All Hours Worked – Labor Code § 1194)

58.     Plaintiff repeats and re-alleges each and every paragraph above as though fully set forth herein.

59.     At all times herein relevant, Labor Code § 1194 has required that employees receive minimum wages or overtime compensation, as applicable, for all time worked.

12

PLAINTIFF'S COMPLAINT                              CASE NO.:

60.    During the relevant statute of limitations, Defendant and one or more Doe Defendants have had in effect a policy and/or practice that resulted in Plaintiff and the members of Class II not being paid the required overtime premium for all hours worked over eight in a day during those weeks when the employee worked less than the full 4/10 work week.

61.    Plaintiff, on behalf of himself and the putative members of Class II, therefore demands all compensation owed for Defendant's failure to comply with Labor Code § 1194, interest thereon, and attorneys' fees and costs, all as provided for by Labor Code § 1194(a).

## FIFTH CAUSE OF ACTION
### (Labor Code Private Attorneys General Act of 2004 – Labor Code § 1194)

62.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

63.    California Labor Code § 2699(f) allows an "aggrieved employee" to bring a civil action on his or her own behalf and on behalf of other current or former employees.

64.    Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699(c) because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

65.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code § 1194.

66.    By its actions as alleged herein, Defendant has failed to fully compensate Plaintiff and the putative members of Class II for all of the hours worked over eight in a day during those weeks when the employee worked less than the full 4/10 work week.

13

PLAINTIFF'S COMPLAINT                    CASE NO.:

67.      Plaintiff therefore brings this action on behalf of himself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing forward from that date, have not received the full premium wages to which they are entitled under Labor Code § 1194 (*i.e.*, the same persons who are members of Class II).

68.      Therefore, Plaintiff, for himself and for all such persons (*i.e.*, the same persons who are included in the definition of Class II), seeks the penalties provided by Labor Code § 2699(f) for violations of California Labor Code § 1194.

69.      Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

## SIXTH CAUSE OF ACTION
### (California Business & Professions Code §§ 17200, *et seq.* – Labor Code §§ 1194 and 510)

70.      Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

71.      At all times relevant herein, Defendant and one or more Doe Defendants have violated the above cited provisions of Labor Code § 1194 as well as Labor Code § 510.

72.      The conduct of Defendant and one or more Doe Defendants described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

73.      Plaintiff, on his own behalf and on behalf all other similarly situated persons (*i.e.*, the members of the proposed Class II), seeks restoration of amounts that should have been paid pursuant to Labor Code §§ 510 and 1194, disgorgement of profits and restitution caused by the failure of Defendant and one or more Doe Defendants to provide all compensation due and owing during the period commencing

14

1   four years prior to the filing of this Complaint and up through the time when the

2   violations stop, all in a sum according to proof.

3       74.     Plaintiff further demands an injunction against Defendant enjoining it

4   from all future violations of Labor Code §§ 510 and 1194.

5       75.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to

6   Code of Civil Procedure § 1021.5.

7                    SEVENTH CAUSE OF ACTION

8       (Failure to Page Wages Upon Termination – Labor Code §§ 201-203)

9       76.     Plaintiff repeats and re-alleges each and every paragraph above as though

10  fully set forth herein.

11      77.     At all times relevant, Labor Code §§ 201 - 203 required Defendant and

12  one or more Doe Defendants to pay a terminated or discharged employee all wages owed

13  at the time of termination or discharge.  At the time that Plaintiff and the putative

14  members of Class IV left their employment with Defendant and one or more Doe

15  Defendants, they had unpaid wages due and owing to them.

16      78.     Plaintiff is informed and believes, and on that basis alleges, that the failure

17  to pay Plaintiff and the putative members of Class IV all wages due and owing to them at

18  the time that their respective periods of employment with Defendant and one or more Doe

19  Defendants ended was willful within the meaning of the statute.

20      79.     The willful failure of Defendant and one or more Doe Defendants to pay

21  Plaintiff and the putative members of Class IV all wages due and owing to them at the

22  time that their respective periods of employment ended constitutes a violation of Labor

23  Code §§ 201 - 203.

24      80.     Therefore, Plaintiff, for himself and all members of Class IV, seeks the

25  remedies provided for in Labor Code § 203.

26

27

28

                                15

PLAINTIFF'S COMPLAINT                        CASE NO.:

1

2

### EIGHTH CAUSE OF ACTION
(Failure to Page Wages Upon Termination – Labor Code §§ 201-203)

3       81.      Plaintiff repeats and re-alleges each and every paragraph above as though

4   fully set forth herein.

5       82.      At all times relevant, Labor Code §§ 201 - 203 required Defendant and

6   one or more Doe Defendants to pay a terminated or discharged employee all wages owed

7   at the time of termination or discharge.  Plaintiff and the putative members of Class V are

8   individuals who completed assignments for Defendant and one or more Doe Defendants

9   and did not receive their final wages on the last day of their assignment and who had not

10  started a new assignment by time of the next regularly scheduled pay day.

11      83.      Plaintiff is informed and believes, and on that basis alleges, that the failure

12  to pay Plaintiff and the putative members of Class V all wages due and owing to them at

13  the time that their respective assignments ended without the start of a new one by the time

14  of the next regularly scheduled pay day was willful within the meaning of the statute.

15      84.      The willful failure of Defendant and one or more Doe Defendants to pay

16  Plaintiff and the putative members of Class V all wages due and owing to them at the

17  time that their respective assignments ended without the start of a new one by the time of

18  the next regularly scheduled pay day constitutes a violation of Labor Code §§ 201 - 203.

19      85.      Therefore, Plaintiff, for himself and all members of Class V, seeks the

20  remedies provided for in Labor Code § 203.

21

22

### NINTH CAUSE OF ACTION
(Labor Code Private Attorneys General Act of 2004 – Labor Code §§ 201- 203)

23      86.      Plaintiff repeats and realleges each and every paragraph above as though

24  fully set forth herein.

25      87.      California Labor Code § 2699(f) allows an "aggrieved employee" to bring

26  a civil action on his or her own behalf and on behalf of other current or former

27  employees.

28

16

88.    Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699(c) because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

89.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201 - 203.

90.    By its actions as alleged herein, Defendant has failed to comply with the requirements of Labor Code §§ 201 - 203 as they relate to Plaintiff and the putative members of Class IV.

91.    Plaintiff therefore brings this action on behalf of himself and all former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, have not received all legally-required wage payments to which they are entitled pursuant to Labor Code §§ 201 - 203 (*i.e.*, the same persons who are members of Class IV).

92.    Therefore, Plaintiff, for himself and for all such persons (*i.e.*, the same persons who are included in the definition of Class IV), seeks the penalties provided by Labor Code § 2699(f) for violations of California Labor Code § 203.

93.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

### TENTH CAUSE OF ACTION
(Labor Code Private Attorneys General Act of 2004 – Labor Code §§ 201- 203)

94.    Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

95.    California Labor Code § 2699(f) allows an "aggrieved employee" to bring a civil action on his or her own behalf and on behalf of other current or former employees.

17

96.     Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699(c) because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

97.     Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201 - 203.

98.     By its actions as alleged herein, Defendant has failed to comply with the requirements of Labor Code §§ 201 - 203 as they relate to Plaintiff and the putative members of Class V.

99.     Plaintiff therefore brings this action on behalf of himself and all former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, have not received all legally-required wage payments to which they are entitled pursuant to Labor Code §§ 201 - 203 (*i.e.*, the same persons who are members of Class V).

100.    Therefore, Plaintiff, for himself and for all such persons (*i.e.*, the same persons who are included in the definition of Class V), seeks the penalties provided by Labor Code § 2699(f) for violations of California Labor Code § 203.

101.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

## ELEVENTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements – Labor Code § 226)

102.    Plaintiff repeats and re-alleges each and every paragraph above as though fully set forth herein.

103.    At all times relevant herein, Labor Code § 226(a) has required that employers provide employees with itemized wage statements showing, among other things, the name and address of the legal entity that is the employer and gross wages

18

earned and total hours worked.  Labor Code § 226(e) provides that if an employer

knowingly and intentionally fails to provide a wage statement with the required

information, the employee is entitled to recover the greater of all actual damages or $50

for the initial violation and $100 for each subsequent violation, up to a total of $4,000,

plus costs and attorneys' fees.

104.    Defendant and one or more Doe Defendants knowingly and intentionally

failed to provide Plaintiff and the putative members of Class II with timely and accurate

wage statements as required by Labor Code 226(a).  As a result, Plaintiff and all

members of Class II are entitled to the maximum amount of damages, costs and

attorneys' fees allowed by Labor Code § 226(e) for the applicable limitations period

preceding the filing of this Complaint and continuing forward from that date.

## TWELFTH CAUSE OF ACTION
### (Labor Code Private Attorneys General Act of 2004 – Labor Code § 204b)

105.    Plaintiff repeats and re-alleges each and every paragraph above as

though fully set forth herein.

106.    At all times relevant herein, Labor Code § 204b has required that

employers provide employees paid on a weekly basis with all wages not more than

seven calendar days after the close of the payroll period.

107.    Defendant failed to provide Plaintiff and the putative members of Class

III with timely wages as required by Labor Code § 204b.

108.    California Labor Code § 2699(f) allows an "aggrieved employee" to

bring a civil action on his or her own behalf and on behalf of other current or former

employees.

109.    Plaintiff is an "aggrieved employee" as that term is defined in

California Labor Code § 2699(c) because he is a person who was employed by the

alleged violator and against whom one or more of the alleged violations was

committed.

19

110.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code § 204b.

111.    By its actions as alleged herein, Defendant has failed to comply with the requirements of Labor Code § 204b as it relates to Plaintiff and the putative members of Class III.

112.    Plaintiff therefore brings this action on behalf of himself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing forward from that date, did not received timely wages as required by Labor Code § 204b (i.e., the same persons who are members of Class III).

113.    Therefore, Plaintiff, for himself and for all such persons (i.e., the same persons who are included in the definition of Class III), seeks the penalties provided by Labor Code § 2699(f) for violations of California Labor Code § 204b.

114.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth.

## AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1.    For the civil penalties specified in Labor Code § 2699(f) for Plaintiff and each aggrieved member of Class I for each violation of Labor Code § 212 during the course of the applicable statute of limitations prior to the filing of this Complaint and until the date of compliance with the law;

20

PLAINTIFF'S COMPLAINT                                    CASE NO.:

2. For disgorgement of profits and restitution of all costs incurred and/or losses caused by having to pay check cashing fees and/or having bank holds placed on accounts because of the failure of Defendant and Does 1 and 2 to comply with Labor Code § 212 for the four-year period preceding the filing of the Complaint and continuing forward therefrom, up to and including the present;

3. For an injunction against Defendant and Does 1 and 2 enjoining them from all future violations of Labor Code § 212 and requiring them to provide paychecks to their California employees that meet all of the requirements of Labor Code § 212;

4. For all damages available for violations of Labor Code § 212;

5. For all interest on any sums awarded as allowed by law;

6. For all reasonable attorneys' fees provided for by any applicable statute, including Labor Code § 2699(g)(1) and Code of Civil Procedure § 1021.5;

7. For all costs of this suit allowed by law; and

8. For any other and further relief that the court deems just and proper.

AS TO THE FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:

9. For compensatory damages in an amount according to proof at time of trial representing the amount of unpaid compensation owed to Plaintiff and members of Class II for the failure to pay all premium wages due and owing during the applicable limitations period preceding the filing of the Complaint, up to and including the present and until the date of compliance with the law;

10. For the civil penalties specified in Labor Code § 2699(f) for Plaintiff and each aggrieved employee (i.e., the same persons who are included in the definition of Class II) for each violation of Labor Code § 1194

21

PLAINTIFF'S COMPLAINT                        CASE NO.:

during the course of the applicable statute of limitations prior to the filing of this Complaint and until the date of compliance with the law;

11.  For restoration of amounts that should have been paid pursuant to Labor Code §§ 510 and 1194, disgorgement of profits and restitution of all costs incurred and/or losses caused by the failure to pay all wages due and owing in violation of Business and Professions Code §§17200, *et seq*;

12.  For all interest on any sums awarded as allowed by law;

13.  For all reasonable attorneys' fees provided for by any applicable statute, including Labor Code §§ 1194(a) and 2699(g)(1) and Code of Civil Procedure § 1021.5; and

14.  For all costs of this suit allowed by law.

**AS TO THE SEVENTH AND NINTH CAUSES OF ACTION:**

15.  For consequential damages to Plaintiff and each member of Class IV according to proof as set forth in Labor Code § 201, *et seq.*;

16.  For the civil penalties specified in Labor Code § 2699(f) for Plaintiff and each aggrieved employee (*i.e.*, the same persons who are included in the definition of Class IV) for each violation of Labor Code § 203 during the applicable statute of limitations prior to the filing of this Complaint and until the date of compliance with the law;

17.  For reasonable attorneys' fees, expenses and costs as provided in Labor Code § 2699(g)(1);

18.  For Labor Code § 203 waiting time penalties to Plaintiff and each member of Class IV; and

19.  For all interest on any sums awarded as allowed by law.

22

PLAINTIFF'S COMPLAINT                              CASE NO.:

## AS TO THE EIGHTH AND TENTH CAUSES OF ACTION:

20. For consequential damages to Plaintiff and each member of Class V according to proof as set forth in Labor Code § 201, *et seq.*;

21. For the civil penalties specified in Labor Code § 2699(f) for Plaintiff and each aggrieved employee (*i.e.*, the same persons who are included in the definition of Class V) for each violation of Labor Code § 203 during the applicable statute of limitations prior to the filing of this Complaint and until the date of compliance with the law;

22. For reasonable attorneys' fees, expenses and costs as provided in Labor Code § 2699(g)(1);

23. For Labor Code § 203 waiting time penalties to Plaintiff and each member of Class V; and

24. For all interest on any sums awarded as allowed by law.

## AS TO THE ELEVENTH CAUSE OF ACTION:

25. For the statutory damages available to Plaintiff and the members of Class II under Labor Code § 226(e) for the failure to provide accurate, itemized wage statements during the three years preceding the filing of the Complaint and up to and including the present;

26. For reasonable attorneys' fees and the cost of bringing the suit, pursuant to Labor Code § 226(e) and Code Civ. Proc. Code § 1021.5; and

27. For all interest on any sums awarded as allowed by law.

## AS TO THE TWELFTH CAUSE OF ACTION:

28. For the civil penalties specified in Labor Code § 2699(f) for Plaintiff and each aggrieved employee (*i.e.*, the same persons who are included in the definition of Class III) for each violation of Labor Code § 204b during the applicable statute of limitations prior to the filing of this Complaint and until the date of compliance with the law;

23

PLAINTIFF'S COMPLAINT                                        CASE NO.:



29.    For reasonable attorneys' fees and the cost of bringing the suit, pursuant to Labor Code § 2699(g)(1); and

30.    For all interest on any sums awarded as allowed by law.

///
///
///
///
///
///
///
///
///
///
///
///

24

PLAINTIFF'S COMPLAINT                    CASE NO.:

**AS TO ALL CAUSES OF ACTION:**

27.    For any other and further relief that the court deems just and proper.

Dated:  January 30, 2008

Respectfully submitted,

KELLER GROVER LLP

By: _EA Grover_

Eric A. Grover

Attorneys for Plaintiff
James W. Brown

25

PLAINTIFF'S COMPLAINT                        CASE NO.:

1
2
3
4

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  January 30, 2008

KELLER GROVER LLP

By: _E A Grv_

Eric A. Grover

Attorneys for Plaintiff
James W. Brown

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26

10943724.tif - 2/22/2008 4:06:51 PM

**EXHIBIT B**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, 136080<br>Keller Grover LLP<br>425 2ND ST STE 500<br>SAN FRANCISCO, CA 94107-1420<br>TELEPHONE NO.: (415) 543-1305<br>ATTORNEY FOR (Name): Plaintiff | **FILED BY FAX**<br>ALAMEDA COUNTY<br>February 28, 2008<br>CLERK OF<br>THE SUPERIOR COURT<br>By Denise Dalton, Deputy<br>CASE NUMBER:<br>**RG08368638** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
| --- | --- |
| Superior Court of Alameda County<br>1225 Fallon St. #209<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: James W. Brown | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Clearpoint Advantage, LLC, et al. | RG08368638 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Clearpoint |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Hearing, Alameda Co. Superior Court ADR
   Information Packet

3. a. Party served: Clearpoint Advantage, LLP

   b. Person Served: Paracorp Incorporated, Valeris McCoy - Person authorized to accept service of process

4. Address where the party was served: 2804 Gateway Oaks Dr. #200
   Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) or (date): 2/26/2008        (2) at (time):  11:45 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Clearpoint Advantage, LLP

   under:        Other: Limited Liability Corporation

7. Person who served papers
   a. Name:        Tyler Dimaria
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
                   415-491-0606
   c. Telephone number:
   d. The fee for service was:  $30.00
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 2006-06
          (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 2/27/2008

Tyler Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>FF# 6657457 |
|---|---|---|

**EXHIBIT C**

1   MELINDA S. RIECHERT, State Bar No. 65504
    LAUREN S. KIM, State Bar No. 210572
2   MORGAN, LEWIS & BOCKIUS LLP
    2 Palo Alto Square
3   3000 El Camino Real, Suite 700
    Palo Alto, CA 94306-2122
4   Tel: 650.843.4000
    Fax: 650.843.4001
5
    Attorneys for Defendant
6   ClearPoint Advantage, LLC,
    dba Advantage Services Group
7

                               **ENDORSED
                                  FILED
                              ALAMEDA COUNTY**

                               MAR 2 5 2008

                         CLERK OF THE SUPERIOR COURT
                           By Tasha Perry, Deputy

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  JAMES W. BROWN, on behalf of himself        Case No. RGO8368638
    and all others similarly situated, on behalf
12  of the general public, and as an "aggrieved   **DEFENDANT CLEARPOINT
    employee" under the California Labor          ADVANTAGE LLC'S ANSWER TO
13  Code Private Attorneys General Act,          PLAINTIFF'S COMPLAINT**

14                     Plaintiff,

15            vs.                                 # BY FAX

16  CLEARPOINT ADVANTAGE, LLC, dba
    ADVANTAGE SERVICES GROUP and
17  DOES 1 through 10, inclusive,

18                     Defendants.

19

20        Defendant ClearPoint Advantange, LLC, dba Advantage Services Group ("Defendant"),

21  hereby answers and responds to Plaintiff James W. Brown's ("Plaintiff") unverified Complaint as

22  follows:

23        Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies generally

24  and specifically each and every material allegation contained in Plaintiff's Complaint, and denies

25  further that Plaintiff has been injured in the amount or manner alleged or in any other manner

26  whatsoever.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3696569.2                                   CASE NO. RGO8368638

DEFENDANT CLEARPOINT ADVANTAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1     WHEREFORE, Defendant asserts the following affirmative defenses and prays for

2   judgment as set forth below.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

5     1.    As a separate affirmative defense to the Complaint and to every cause of action

6   alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a

7   cause of action against it.

### SECOND AFFIRMATIVE DEFENSE
#### (Statutes of Limitations)

10    2.    As a separate affirmative defense to the Complaint and to every cause of action

11  alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

12  of the purported class action defined in the Complaint, or some of them, are barred in whole or in

13  part by the applicable statutes of limitations, including, but not limited to, the California Code of

14  Civil Procedure sections 338, 340, and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
#### (Estoppel)

17    3.    As a separate affirmative defense to the Complaint and to every cause of action

18  alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

19  of the purported class defined in the Complaint, or some of them, are barred in whole or in part by

20  the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
#### (Waiver)

23    4.    As a separate affirmative defense to the Complaint and to every cause of action

24  alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

25  of the purported class defined in the Complaint, or some of them, are barred in whole or in part

26  because such claims have been waived, discharged and/or abandoned.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695659.2                                2                        CASE NO. RGO8368638

DEFENDANT CLEARPOINT ADVANTAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction, Payment)

2

3    5.    As a separate affirmative defense to the Complaint and to every cause of action

4    alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

5    of the purported class action defined in the Complaint, or some of them, are barred in whole or in

6    part by the principles of accord and satisfaction, and payment.

7    ## SIXTH AFFIRMATIVE DEFENSE
### (Release)

8

9    6.    As a separate affirmative defense to the Complaint and to every cause of action

10    alleged therein, Defendant alleges that the claims of certain putative members of the purported

11    class action defined in the Complaint are barred in whole or in part because said claims have been

12    released by the individuals in question.

13    ## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

14

15    7.    As a separate affirmative defense to the Complaint and to every cause of action

16    alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member

17    of the purported class action defined in the Complaint, or some of them, are barred in whole or in

18    part by the doctrine of laches.

19    ## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

20

21    8.    As a separate affirmative defense to the Complaint and to every cause of action

22    alleged therein, Plaintiff's claims, and the claims of each putative member of the purported class

23    action defined in the Complaint, or some of them, are barred in whole or in part by their unclean

24    hands and/or inequitable or wrongful conduct.

25    ## NINTH AFFIRMATIVE DEFENSE
### (Conduct Reasonable and In Good Faith/Not Willful)

26

27    9.    As a separate affirmative defense to the Complaint and to every cause of action

28    alleged therein, Defendant alleges that if it is found to have failed to pay Plaintiff, and each

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

I-PA/3695659.2                    3                    CASE NO. RGO8368638

1  putative class member, any amount due, which allegations Defendant denies, Defendant acted at

2  all times on the basis of a good faith and reasonable belief that it had complied fully with

3  California wage and hour laws.  Consequently, Defendant's conduct was not willful within the

4  meaning of Section 203 of the California Labor Code.

## TENTH AFFIRMATIVE DEFENSE
### (Not the Employer)

7       10.    As a separate affirmative defense to the Complaint and to every cause of action

8  alleged therein, Defendant alleges that Defendant was not at all times the employer of Plaintiff

9  and the putative members of the class defined in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

12       11.    As a separate affirmative defense to the Complaint and to every cause of action

13  alleged therein, Defendant alleges that if any damages have been sustained by Plaintiff, or by any

14  putative class action members, although such is not admitted hereby or herein and is specifically

15  denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all

16  obligations of the Plaintiff or putative class action members owed to Defendant against any judgment

17  that may be entered against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

20       12.    As a separate affirmative defense to the Complaint and to every cause of action

21  alleged therein, Defendant alleges that certification of a class would constitute a denial of its due

22  process rights in violation of the Fourteenth Amendment and the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Appropriate for Class Action)

25       13.    As a separate affirmative defense to the Complaint and to every cause of action

26  alleged therein, Defendant alleges that the types of claims alleged by the named Plaintiff on

27  behalf of himself and the alleged class, the existence of which are expressly denied, are matters in

28  which individual questions predominate and, accordingly, are not appropriate for class action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

I-PA/3695659.2                       4                    CASE NO. RGO8368638

DEFENDANT CLEARPOINT ADVANTAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1  treatment.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Inadequate Representative)

14.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to the extent it asserts a class action, because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported class.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Claims Not Common or Typical)

15.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to the extent it asserts a class action, because the claims alleged by the named Plaintiff are neither common to nor typical of those of the class he purports to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Superiority)

16.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that a class claim under California Business and Professions Code Section 17200 is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

17.    As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's causes of action and those of the purported class brought pursuant to California Business and Professions Code Section 17200, are barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695659.2                    5                    CASE NO. RGO8368638

**RESERVATION OF RIGHTS**

18.     Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff and each putative member of the purported class action defined in the Complaint take nothing by the Complaint;

2.     That judgment be entered against Plaintiff and against each putative member of the purported class action defined in the Complaint and in favor of Defendant;

3.     That Defendant be awarded attorneys' fees incurred herein, including pursuant to Labor Code section 218.5;

4.     That Defendant be awarded costs of suit herein; and

5.     For such other and further relief as the Court deems just and proper.

Dated: March 25, 2008                    MORGAN, LEWIS & BOCKIUS LLP


                                         By _Melinda Reichert_____
                                            Melinda S. Reichert
                                            Attorneys for Defendant
                                            ClearPoint Advantage, LLC
                                            dba Advantage Services Group

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695659.2                           6                      CASE NO. RGO8368638

DEFENDANT CLEARPOINT ADVANTAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2

   I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, California 94306-2122. On March 25, 2008I served the within document(s):

3

4

### DEFENDANT CLEARPOINT ADVANTAGE LLC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

5

6

7

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

9

10

☐    by placing the document(s) listed above in a sealed Federal Express and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

11

12

13

Eric A. Grover                                  Attorney for Plaintiff
Jade Butman                                     James W. Brown
KELLER GROVER LLP
425 Second Street, Ste. 500
San Francisco, CA 94107
Tel:    (415) 543-1305
Fax:    (415) 543-7861
eagrover@kellergrover.com

14

15

16

17

Scot Bernstein                                  Co-Counsel for Plaintiff
LAW OFFICES OF SCOT BERNSTEIN
10510 Superfortress Ave., Ste. C
Mather Field, CA 95655
Tel:    (916) 447-0100
Fax:    (916) 933-5533
swampadero@sbernsteinlaw.com

18

19

20

21

   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24

   I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on March 25, 2008, at Palo Alto, California.

25

26

27

Regina L. Henley

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3695659.2                          7                          CASE NO. RGO8368638

DEFENDANT CLEARPOINT ADVANTAGE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT