MELINDA S. RIECHERT, State Bar No. 65504
LAUREN S. KIM, State Bar No. 210572
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: (650) 843-4000
Fax: (650) 843-4001
E-mail: mriechert@morganlewis.com

Attorneys for Defendant
ClearPoint Advantage, LLC, dba Advantage Services Group

ERIC A. GROVER, State Bar No. 136080
KELLER GROVER LLP
425 Second Street, Ste. 500
San Francisco, CA 94107
Tel: (415) 543-1305
Fax: (415) 543-7861
E-mail: eagrover@kellergrover.com

Attorneys for Plaintiff James W. Brown

SCOT BERNSTEIN, State Bar No. 94915
LAW OFFICES OF SCOT BERNSTEIN
10510 Superfortress Ave., Ste. C
Mather Field, CA 95655
Tel: (916) 447-0100
Fax: (916) 933-5533
E-mail: swampadero@sbernsteinlaw.com

Attorneys for Plaintiff James W. Brown

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BROWN, on behalf of himself and all others similarly situated, on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARPOINT ADVANTAGE, LLC, dba ADVANTAGE SERVICES GROUP<br><br>Defendants. | Case No. CV 08-01640 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT [JOINT RULE 26 REPORT]**<br><br>Hearing Date: July 3, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. William H. Alsup<br><br>Complaint Filed: January 9, 2008<br>Trial Date: Not set yet. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

CASE NO. CV 08-01640 WHA
JOINT REPORT [PURSUANT TO FRCP 26]

TO THE UNITED STATES COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to Civil Local Rule 16-9, Plaintiff James W. Brown ("Plaintiff") and Defendant ClearPoint Advantage, LLC ("Defendant" or "ClearPoint"), submit this Joint Case Management Statement. This statement sets forth the matters on which the parties have reached agreement, and their respective views on the matters about which they disagree.

## 1. JURISDICTION AND SERVICE

On March 26, 2008, Defendant removed this action from the Superior Court, County of Alameda on the grounds that it is incorporated in Delaware, has its principal place of business in Pennsylvania, and that this Court has subject matter jurisdiction under 28 U.S.C. Sections 1332, 1446 and 1453, and the Class Action Fairness Act of 2005. The parties agree that the Court has jurisdiction over this action.

All named parties have been served.

## 2. FACTUAL SUMMARY AND DISPUTES

### A. Plaintiff's Statement

Defendant operates a temporary employment agency. Defendant employed Plaintiff on various temporary assignments during April 2006, May 2006, January 2007, March 2007, and July 2007. Plaintiff anticipates discovery will be needed to identify any and all of Defendant's predecessor entities who employed Plaintiff. Plaintiff brings a putative class action alleging: (1) Defendant issued employees checks from an out-of-state bank with no in-state address for presentation and no provision for negotiating such paychecks at no cost in violation of Labor Code § 212; (2) Defendant did not pay overtime compensation and did not provide accurate wage statements to employees who worked over eight hours a day during those weeks when the employee worked less than the full schedule of four ten hour days ("4/10"); (3) Defendant failed to pay plaintiffs and putative class members in a timely manner as required by Labor Code § 204(b); (4) former employees of the Defendant are entitled to waiting time penalties under Labor Code § 203, (5) employees who did not receive their final wages at the end of an assignment and who had not started a new assignment by the next regularly scheduled pay day are entitled to Labor Code § 203 waiting time penalties. Plaintiff also seeks disgorgement, restitution, and other

relief pursuant to California Business and Professions Code § 17200.

### B. Defendant's Statement

Plaintiff was employed by Defendant for 4 days in July 2007 (July 3, 5, 6 and 10.). In his complaint, Plaintiff, on behalf of himself and putative class members, alleges that: (1) Defendant issued employees checks from an out-of-state bank with no in-state address in violation of Labor Code § 212; (2) Defendant did not pay overtime to employees who were on a 4/10 alternative work schedule during weeks when employees worked less than a full work week, and that overtime is required during weeks when the employees worked a 4/10 schedule for less than a full work week; (3) Defendant failed to pay employees who ended their assignments and had not started a new assignment by the next payday on the final day of their assignment. In addition to overtime, Plaintiff seeks penalties under the Private Attorneys General Act, penalties under Labor Code §226, and waiting time penalties pursuant to Labor Code § 203. Plaintiff also seeks disgorgement, restitution and other relief pursuant to California Business and Professions Code §17200.

### 3. LEGAL ISSUES

### A. Joint Statement of Legal Issues

(1) Whether Plaintiff received wages from Defendant in the form of checks issued by an out-of-state bank with no in-state address in violation of Labor Code § 212;

(2) Whether Plaintiff was improperly denied overtime during his 4/10 alternative work schedule;

(3) Whether Plaintiff was improperly not paid his wages in a timely manner in violation of Labor Code §204(b);

(4) Whether Plaintiff is entitled to "waiting time" penalties pursuant to California Labor Code Section 203;

(5) Whether Plaintiff was provided inaccurate wage statements in violation of Labor Code §226;

(6) Whether class certification is warranted under Rule 23 and, if so, the scope/definition of the class;

(7) Whether any of the purported wage/hour violations alleged by Plaintiff in his Complaint constitute "unlawful," "unfair," or "fraudulent" business practices under Section 17200 of the California Business and Professions Code;

(8) Whether putative class members were treated in the same manner as Plaintiff as set forth in the parties' joint statement of the issues.

(9) Whether the requirements of Rule 23 apply to Plaintiff's claims asserted under the Private Attorneys General Act (PAGA);

(10) Whether Plaintiff can maintain a claim under Section 17200 of the California Business and Professions Code on behalf of himself and/or others;

(11) Whether Plaintiff is entitled to PAGA penalties, and if so how much.

(12) Whether Defendant or any other predecessor entity is responsible for any purported labor violations that occurred prior to Defendant's parent company ClearPoint Business Resources, Inc.'s acquisition of the assets of Plaintiff's employer ALS, LLC.

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

### 4. MOTIONS

#### A. Prior Motions

There have been no motions filed.

#### B. Pending Motions

There are no motions pending.

#### C. Anticipated Motions

Plaintiff intends to file a Motion for Class Certification.

Defendant anticipates filing a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

### 5. AMENDMENT OF PLEADINGS

Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### 6. EVIDENCE PRESERVATION

The parties are aware of their obligation to preserve relevant evidence, including

electronically stored information, and have taken steps to comply with their obligations.

### 7. DISCLOSURES

The parties anticipate exchange of their Rule 26(a)(1) Initial Disclosures on June 26, 2008.

### 8. DISCOVERY

#### A. Discovery to Date

None.

#### B. Scope of Discovery

**Plaintiff's Position**:

Plaintiff believes that class certification discovery should begin immediately. The claims in this case all hinge on Defendant's common course of conduct and Defendant's record keeping. The evidence Plaintiff anticipates using for certification of his claims is primarily in Defendant's custody and control which will be produced in discovery. Plaintiff intends to propound requests for documents and interrogatories, and to take depositions of Defendant's employees at a mutually agreeable date after receiving and analyzing Defendant's responses to the written discovery.

**Defendant's Position**:

Defendant believes that class-wide discovery is premature at this stage. Discovery should be limited to Plaintiff's individual claims and discovery which is directly relevant to the issue of whether a class may be certified. Defendant intends to propound requests for documents and interrogatories, and to take the deposition of the Plaintiff at a mutually agreeable date after receiving and analyzing Plaintiff's responses to the written discovery.

#### C. Modifications of Discovery Rules

The parties do not believe that any modification of the discovery rules is necessary at this time.

#### D. Proposed Discovery Plan

See Pretrial Schedule in Paragraph 17.

9. **CLASS ACTIONS**

**PLAINTIFF'S STATEMENT:**

**(A) This Class Action is Maintainable under Fed. Rule Civ. Pro 23**

This class action is maintainable under Fed. Rule Civ. Pro. 23(a) and 23(b)(3).

**(B) Description of the Classes**

(1) In Class I, Plaintiff seeks to represent a class of all persons who are or were employed by Defendant in the State of California who Defendant paid wages in the form of an out of state bank with no in-state address for presentation and no provision for negotiating such paychecks in California at no cost.

(2) In Class II, Plaintiff seeks to represent a class of all persons who are or were employed by the Defendant in the State of California who did not receive overtime for all premium hours worked over eight in a day during those weeks when the employee worked less than the full 4/10 work week.

(3) In Class III, Plaintiff seeks to represent a sub-class of Class II members who are or were employed by Defendant in the State of California within the one year preceding the filing of the Complaint and who failed to receive their wages in a timely manner as required by Labor Code § 204(b).

(4) In Class IV, Plaintiff seeks to represent a second sub-class of all Class II class members who are former employees and who are entitled to Labor Code § 203 waiting time penalties.

(5) In Class V, Plaintiff seeks to represent a class of employees who were assigned to work for clients of the Defendant and who did not receive their final wages on the last day of their assignment and who had not started a new assignment by the time of the next regularly scheduled pay day and who are thereby entitled to Labor Code § 203 waiting time penalties.

**(C) Facts Supporting Class Certification**

For each class, Plaintiff's claims are typical of the claims of the members of the class Plaintiff seeks to represent. Plaintiff will fairly and adequately represent the interests of the class members because Plaintiff is a member of the class and the claims of Plaintiff are typical to those

of the class. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, and Plaintiff intends to prosecute this action vigorously. Each class contains at least seventy-five employees, and therefore is so numerous that the joinder of each member of the class is impracticable.

There are common issues of law and fact that predominate over any individual issues for each class:

(1)   In Class I, there is a well defined community of interest in law and fact as the class members' claims are based upon the Defendant's implementation and utilization of a policy pursuant to which all members of the class received paychecks in the same manner that violated California law.

(2)   In Class II, there is a well defined community of interest in law and fact as the class members' claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were denied overtime and were not issued accurate wage statements.

(3)   In Class III, there is a well defined community of interest in law and fact as the class members' claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class failed to receive their wages in a timely manner as required by Labor Code § 204(b).

(4)   In Classes IV and V, there is a well defined community of interest in law and fact as the class members' claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class failed to receive their wages in a timely manner as required by Labor Code §§ 201-203.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual litigation would present the potential for varying, inconsistent, or contradictory judgments which would establish inconsistent standards of conduct, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents few or no management difficulties, conserves the resources of the parties and of the court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

7                    CASE NO. CV 08-01640 WHA
JOINT REPORT [PURSUANT TO FRCP 26]

system, and protects the rights of each Class member. Plaintiff anticipates no difficulty in the management of this action as a class action.

### (D) Proposed Class Certification Date

See Pretrial Schedule in Paragraph 17.

### DEFENDANT'S STATEMENT:

Defendant disputes that Plaintiff has standing to pursue class claims and disputes that certification of any class is warranted under Rule 23.

### 10. RELATED CASES

At this time, the parties are not aware of any related cases.

### 11. PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff cannot place a dollar amount on damages at this point in time as discovery has not yet been conducted.

Plaintiff seeks civil penalties; damages in accordance to proof at trial for unpaid premium overtime compensation; waiting time penalties; disgorgement of profits and restitution of all costs incurred and/or losses caused by Defendant's conduct; an injunction enjoining Defendant from future violations of Labor Code § 212; interest on any sums awarded as allowed by law; all reasonable attorneys' fees and all costs of this suit as allowed by law; and any other and further relief that the court deems just and proper.

### 12. SETTLEMENT AND ADR

The parties will determine which form of alternative dispute resolution is appropriate after conducting initial discovery.

### 13. CONSENT TO MAGISTRATE JUDGE

The parties do not consent to proceed before a magistrate judge.

### 14. OTHER REFERENCES

None presently.

### 15. NARROWING OF ISSUES, PRESENTATION OF EVIDENCE

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion. The parties agree to continue to meet and confer regarding

these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

### 16. EXPEDITED SCHEDULE

The parties agree this case is not appropriate for an expedited or streamlined procedure.

### 17. SCHEDULING

The parties propose the following schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | November 3, 2008<br><br>Plaintiff anticipates amendment may be warranted after discovery concerning Defendant's predecessor entities is produced | November 3, 2008 |
| Deadline to Motion for Class Certification | January 22, 2009 | March 31, 2009 |

The remainder of the pretrial schedule will be determined following resolution of the class certification motion.

### 18. TRIAL

The parties believe that the length of trial will depend on the outcome of the class certification ruling.

### 19. DISCLOSURE OF INTERESTED ENTITIES

Defendant filed its Certificate of Interested Parties on March 26, 2008. Defendant certified that the following parties were interested parties: ClearPoint Business Resources, Inc., ClearPoint Resources, Inc., ALS, LLC and Advantage Services Group.

//
//
//

**20. OTHER MATTERS**

At this time, the parties do not have any other additional matters that should be raised.

Dated: June 26, 2008                    MORGAN, LEWIS & BOCKIUS LLP

By /s/ Melinda S. Riechert
    Melinda S. Riechert
    Attorneys for Defendant
    ClearPoint Advantage, LLC, dba
    Advantage Services Group

Dated: June 26, 2008                    KELLER GROVER LLP

By /s/ Eric A. Grover
    Eric A. Grover
    Attorneys for Plaintiff
    James W. Brown

Dated: June 26, 2008                    LAW OFFICES OF SCOT BERNSTEIN

By /s/ Scot Bernstein
    Scot Bernstein
    Attorneys for Plaintiff
    James W. Brown

**ECF CERTIFICATION**

Pursuant to General Order No. 45, § X.B, the filing attorney attests that she has obtained concurrence regarding the filing of this document from each of the signatories to the document.

Dated: June 26, 2008                    By: /s/ Melinda S. Riechert
        Melinda S. Riechert

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

10                    CASE NO. CV 08-01640 WHA
JOINT REPORT [PURSUANT TO FRCP 26]